**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, and<br>CENTRAL LABORERS' ANNUITY FUND,<br><br>Plaintiff(s),<br>v.<br><br>NORTHERN ILLINOIS FENCE, INC.,<br>an Illinois corporation,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **26-Cv-12463** |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund and Central Laborers' Annuity Fund (collectively "Plaintiff Funds"), by their attorneys, complain against Defendant NORTHERN ILLINOIS FENCE, INC., as follows:

**COUNT I**
against
NORTHERN ILLINOIS FENCE, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, specific employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the Central Laborers' Annuity Fund (and other affiliated funds) with respect to fringe benefit contributions.

5. NORTHERN ILLINOIS FENCE, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). NORTHERN ILLINOIS FENCE, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. NORTHERN ILLINOIS FENCE, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. No party has terminated the collective bargaining agreements and they remain in effect. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. No party has terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), NORTHERN ILLINOIS FENCE, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. NORTHERN ILLINOIS FENCE, INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreements are attached as *Exhibit B*. No party has terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), NORTHERN ILLINOIS FENCE, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. NORTHERN ILLINOIS FENCE, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. NORTHERN ILLINOIS FENCE, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. NORTHERN ILLINOIS FENCE, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, NORTHERN ILLINOIS FENCE, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, NORTHERN ILLINOIS FENCE, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the

collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Based on employer reports, employee pay records, and related documents, NORTHERN ILLINOIS FENCE, INC. failed and refused to pay all contributions for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Those delinquent amounts include but may not be limited to the following:

| | |
|---|---|
| Delinquent contributions (12/2025 – 01/2026; Local 81): | $1,767.60 |
| Remittance report shortages (04/2024; Local 1084): | $14.08 |
| **Total:** | **$1,781.68** |

15. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due (or a minimum of $25.00). ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

16. Because contributions were not paid when due, NORTHERN ILLINOIS FENCE, INC. incurred 10% (or a minimum of $25.00) penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | | |
|---|---|---|
| Assessment for delinquent contributions (12/2025 – 01/2026; Local 81): | $176.76 | (see ¶ 14) |
| Assessment for additional delinquent contributions (01/2026; Local 81): | $25.00 | |
| **Total:** | **$201.76** | |

17. The total amount owed by NORTHERN ILLINOIS FENCE, INC. to Plaintiff Funds is not less than **$1,983.44**, consisting of: not less than $1,781.68 in delinquent and unpaid

contributions (reference ¶ 14 above), and not less than $201.76 in late payment penalty assessments (reference ¶ 16 above).

18. NORTHERN ILLINOIS FENCE, INC. has failed and refused to pay the amount of **$1,983.44** known to be due to Plaintiff Funds.

19. Plaintiffs have been required to employ the undersigned attorneys to pursue collection of the amount due from NORTHERN ILLINOIS FENCE, INC.

20. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

21. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against NORTHERN ILLINOIS FENCE, INC. in favor of Plaintiffs.

B. Order NORTHERN ILLINOIS FENCE, INC. to pay Plaintiff Funds not less than $1,983.44, plus any additional amount shown to be due.

C. Order NORTHERN ILLINOIS FENCE, INC. to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Order NORTHERN ILLINOIS FENCE, INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

E. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND and
CENTRAL LABORERS' ANNUITY FUND

By: /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

6591 12/08/2025 13:11 2194657682 LOCAL 81 PAGE 02/02

## ACCEPTANCE OF WORKING AGREEMENT

**Effective June 1, 2023 to May 31, 2028**

The undersigned has read and hereby approves the Contractors-Laborers **Commercial and Building General** Agreement by and between The NWI Contractors Association Incorporated, and the Laborers' International Union of North America, State of Indiana District Council, for and on behalf of **LIUNA Locals #41 and #81**, and herewith accepts the same and becomes one of the Parties thereto. Any deletions, exceptions or alterations to this Acceptance will be void and of no force or effect.

DATED THIS 5th DAY OF December 20 25

**EMPLOYER:**

COMPANY NAME Northern Illinois Fence

BY Dusti Coacher (AUTHORIZED WRITTEN SIGNATURE) Dusti Coacher (SIGNATURE PRINTED OR TYPED)

TITLE OR AUTHORITY CHRO

STREET ADDRESS 940 Kingsland Drive

CITY & STATE Batavia, IL ZIP 60510

MAILING ADDRESS *(If different than above)* ____

CITY & STATE ____ ZIP ____

PHONE (815) 756-3561 FEDERAL ID # 36-4073004

FAX ( ) ____ E-MAIL dcoacher@cnifence.com

ARE YOU A CERTIFIED MBE, WBE, VBE OR DBE CONTRACTOR? PLEASE CHECK AND COMPLETE:

| | | | | | |
|---|---|---|---|---|---|
| ____ | MBE | ____ | DATE CERTIFIED | ____ | BY WHOM |
| ____ | WBE | ____ | DATE CERTIFIED | ____ | BY WHOM |
| ✓ | VBE | 2/11/2022 | DATE CERTIFIED | Dept. of Veterans Affairs | BY WHOM |
| ____ | DBE | ____ | DATE CERTIFIED | ____ | BY WHOM |

**UNION:**

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, STATE OF INDIANA DISTRICT COUNCIL

BY [signature]
Local Union Representative

RETURN A SIGNED COPY TO:

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
STATE OF INDIANA DISTRICT COUNCIL
425 SOUTH FOURTH STREET
TERRE HAUTE, INDIANA 47807
PHONE: 812-235-5083
FAX: 812-232-4420
EMAIL: inldc@inldc.org

RECEIVED
DEC 11 2025

EXHIBIT
A

# ASSENT OF PARTICIPATION

To the Board of Trustees of:

Indiana Laborers Welfare Fund
Indiana Laborers Training Trust Fund
Indiana Laborers Pension Fund
Indiana Laborers Defined Contribution Trust Fund

The undersigned Employer hereby agrees to become a party to and bound by the Agreement and Declaration of Trusts as amended and restated (the "Trust Agreements") of the Indiana Laborers Welfare Fund (f/n/a Indiana State District Council of Laborers and Hod Carriers Welfare Fund), Indiana Laborers Pension Fund (f/k/a Indiana State District Council of Laborers and Hod Carriers Pension Fund), Indiana Laborers Training Trust Fund, and Indiana Laborers Defined Contribution Trust Fund (the "Funds") entered into by and between the Laborers International Union of North America (the "Union"), State of Indiana District Council and certain employers' associations and/or employers. The Funds are for the purpose of providing Welfare, Pension and Training/Apprenticeship benefits for certain members of the Union and/or certain employees who are employed by employers who enter into a contractual agreement with the Union whereupon the employers agree to pay to the Funds specific amounts in order to enable the Funds to provide Welfare, Pension and Training/Apprenticeship benefits.

It is the desire of the undersigned Employer to participate and become part in the same manner and form as any other participating employer, and does hereby bind itself (or myself/ourselves) to the terms and conditions of such Agreement and Declaration of Trusts of the Funds; without reservation, either oral or in writing, and hereby waives any other manner or means to associate or participate in said Funds.

The undersigned certifies that he/she is authorized to execute this Assent of Participation as an Employer or on behalf the Employer. The undersigned Employer upon execution hereby assents and consents itself (or myself/ourselves) to be an Employer as defined by the Trust Agreements and agrees to the terms and conditions as stipulated in said Trust Agreements.

Signed this 5th day of December, 2025.

In the County of DuPage, State of Illinois.

Northern Illinois Fence
Name of Employer

Dusti Coacher CHRO
(Signature of Representative of Employer and Title)

36-4073004
**Federal Identification Number**

Address: 940 Kingsland Drive
City/State: Batavia, IL
Zip Code: 60510

Signature of Witness

Laborers Local Union No. 81

RECEIVED
DEC 1 1 2025

EXHIBIT
B